IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LARA VILLA, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| LATIN MUNDO #2, INC. and | : | |
| JULIO C. MENDEZ | : | |
| ARREDONDO, | : | |
| | : | |
| Defendants. | : | |

---

## COMPLAINT

---

Plaintiff Lara Villa ("Villa") brings this Complaint against Defendants Latin Mundo #2, Inc. ("Latin Mundo") and Julio C. Mendez Arredondo ("Arredondo") (collectively "Defendants") as follows:

1. **INTRODUCTION**

1.

This is an FLSA case. Villa brings this action because Defendants intentionally misclassified her as an independent contractor in order to avoid paying her at one-and-one half times her regular hourly rate for all work performed over forty hours during each work week of her employment.

## 2. JURISDICTION AND VENUE

### 2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Latin Mundo is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## 3. THE PARTIES

### 4.

Villa resides in Fulton County, Georgia.

### 5.

At all times material hereto, Latin Mundo has been an "employer" of Villa as defined in FLSA § 3(d), 29 U.S.C. §203(d).

### 6.

At all times material hereto, Villa has been an "employee" of "Latin Mundo" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

### 7.

Latin Mundo is a corporation organized under the laws of the State of Georgia.

8.

Latin Mundo is subject to the personal jurisdiction of this Court.

9.

Latin Mundo may be served with process through its registered agent Julio C. Mendez Arredondo at 120 Farnworth Lane, Roswell, Georgia, 30075.

10.

Arredondo is a resident of South Carolina, Georgia.

11.

Arredondo is subject to the personal jurisdiction of this Court based on Georgia's Long Arm statute in that he transacted business in this State.

12.

Arredondo is the Registered Agent of Latin Mundo.

13.

Arredondo can be served with process at 120 Farnworth Lane, Roswell, Georgia, 30075 or wherever he can be found.

**4.** **INDIVIDUAL COVERAGE:**

14.

From on or about December 2014 until the present date ("the Relevant Time Period"), Villa was "engaged in commerce" as an employee of Latin Mundo as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

## 5. ENTERPRISE COVERAGE:

### 15.

During the Relevant Time Period, Latin Mundo or Arrendondo had such an interest in a similar business in Alpharetta that said business was an integrated enterprise within the meaning of the FLSA.

### 16.

During the Relevant Time Period, Latin Mundo was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

### 17.

During 2014, Latin Mundo had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

### 18.

During 2015, Latin Mundo had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

### 19.

During 2016, Latin Mundo had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

### 20.

During 2017, Latin Mundo had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During the Relevant Time Period, two or more employees of Latin Mundo used the following instrumentalities of commerce in the performance of its commercial purposes: U.S. Mail, interstate phone service, interstate computer networks, computers, office furniture.

22.

During the Relevant Time Period, two or more employees of Latin Mundo handled "goods or materials" for the business purposes of Latin Mundo: computers, phone systems, cellular telephones, office supplies, and U.S. currency.

23.

During 2014, Latin Mundo had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2015, Latin Mundo had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2016, Latin Mundo had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2017, Latin Mundo had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

27.

During 2014, Latin Mundo had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2015, Latin Mundo had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

During 2016, Latin Mundo had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

During 2017, Latin Mundo had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

At all times material hereto, Latin Mundo was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**6. STATUTORY EMPLOYER ALLEGATIONS**

32.

At all times material hereto, Latin Mundo was an "employer" of Villa as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

33.

At all times material hereto, Villa was an "employee" of Latin Mundo as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

34.

At all times material hereto, Arredondo exercised control over the work activities of Villa.

35.

At all times material hereto, Arredondo was involved in the day-to-day operation of Latin Mundo.

36.

At all times material hereto, Latin Mundo vested Arredondo with supervisory authority over Villa.

37.

At all times material hereto, Arredondo exercised supervisory authority over Villa.

38.

At all times material hereto, Arredondo scheduled Villa's working hours or supervised the scheduling of Villa's working hours.

39.

At all times material hereto, Arredondo exercised authority and supervision over Villa' compensation.

40.

At all times material hereto, Arredondo was an "employer" of Villa as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

41.

At all times material hereto, Villa was an "employee" of Arredondo as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

**7. EXEMPTION ISSUES AND FACTUAL ALLEGATIONS:**

42.

Defendants employed Villa as a cashier from December 2014 through the date of filing of the within action.

## 43.

During the Relevant Time Period, Villa's primary duty was to perform cashier services on behalf of Latin Mundo by servicing its clients.

## 44.

At all times material hereto, the work performed by Villa was integral to Latin Mundo's business purpose (*i.e.*, a check cashing company).

## 45.

At all times material hereto, Villa did not invest in Latin Mundo's business such that she shared any significant risk of loss.

## 46.

At all times material hereto, Villa did not utilize any special skills in the course of her work for Latin Mundo.

## 47.

At all times material hereto, Villa did not exercise independent business judgment in the course of her work for Latin Mundo.

## 48.

At all times material hereto, Villa did not possess any specialized degree or certificate that she utilized to perform the duties of cashier for Defendants.

## 49.

At all times material hereto, Latin Mundo exercised significant, if not total control over the amount of Villa's pay.

50.

At all times material hereto, Latin Mundo exercised significant, if not total control over Villa's work hours.

51.

At all times material hereto, Latin Mundo exercised significant control over how each Villa's work was performed.

52.

At all times material hereto, Villa followed policies and guidelines as set by Defendants in the performance of her work on behalf of Defendants.

53.

At all times material hereto, Defendants classified Villa as an independent contractor.

54.

At all times material hereto, Defendants improperly classified Villa as an independent contractor.

55.

At all times material hereto, Villa was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

56.

At all times material hereto, Latin Mundo did not employ Villa in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

## 57.

At all times material hereto, Latin Mundo did not employ Villa in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

## 58.

At all times material hereto, Latin Mundo did not employ Villa in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

## 59.

At all times material hereto, Latin Mundo did not employ Villa in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

## 60.

During the Relevant Time Period, Defendants paid Villa on an hourly basis.

## 61.

During the Relevant Time Period, Defendants compensated Villa at an hourly rate of either $8.00 for approximately her first month of employment and at a rate of $9.00 per hour thereafter.

## 62.

During the Relevant Time Period, Defendants compensated Villa in cash.

## 63.

During the Relevant Time Period, Villa clocked in at the beginning of each work shift for Defendants via a computer program.

64.

During the Relevant Time Period, Villa clocked out at the end of each work shift for Defendants via a computer program.

65.

During the Relevant Time Period, Latin Mundo was aware of the actual number of hours that Villa worked during each work week.

66.

During the Relevant Time Period, Arredondo often monitored Villa and other employees through an in-store camera system.

67.

At all times relevant from January 2015 through April 2016, Villa regularly worked in excess of 40 hours during most work weeks.

68.

At all times relevant from January 2015 through April 2016, Villa regularly worked 49 hours during most work weeks.

69.

At all times relevant from January 2015 through April 2016, Defendants paid Villa at her regular hourly rate for each hour she worked, regardless of the number of hours she worked each week.

70.

At all times relevant from January 2015 through April 2016, Defendants failed to pay Villa the overtime premium for each hour she worked in excess of 40 hours during each work week.

71.

During the Relevant Time Period, Latin Mundo failed to compensate Villa at one and one half times her regular hourly rate for each hour she worked in excess of 40 hours during each work week.

## COUNT I — FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS

72.

The allegations in all previous paragraphs 1 through 71 are incorporated by reference as if fully set out in this paragraph.

73.

At all times material hereto, Villa has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

74.

During her employment with Latin Mundo, Villa regularly worked in excess of forty (40) hours each week during the period from January 2015 through April 2016.

## 75.

Latin Mundo failed to pay Villa at one and one half times her regular rate for work in excess of forty (40) hours in any week from approximately from January 2015 through April 2016.

## 76.

Latin Mundo willfully failed to pay Villa at one and one half times her regular hourly rate for work in excess of forty (40) hours in any week from approximately from January 2015 through April 2016.

## 77.

Villa is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## 78.

As a result of the underpayment of overtime compensation as alleged above, Villa is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## 79.

As a result of the underpayment of overtime compensation as alleged above, Villa is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

2. That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendants; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

3100 CENTENNIAL TOWER　　　*/S/CHARLES R. BRIDGERS*
101 MARIETTA STREET　　　　CHARLES R. BRIDGERS
ATLANTA, GEORGIA 30303　　GA. BAR NO. 080791
(404) 979-3150
(404) 979-3170 (f)　　　　　*/S/ KEVIN D. FITZPATRICK, JR.*
charlesbridgers@dcbflegal.com　KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com　GA. BAR NO. 262375

COUNSEL FOR PLAINTIFF