# MUTUAL RELEASE, SEPARATION, AND SETTLEMENT AGREEMENT

This Release, Separation, and Settlement Agreement (the "Agreement") is entered into by and among Laura Ofelia Villa-Garcia ("Plaintiff" or "Releasor"), on one hand, and Latin Mundo #2, Inc. and Julio C. Mendez Arredondo ("Defendants" or "Releasees"), on the other hand. Plaintiff and Defendants may collectively be referred to as the "Parties."

## RECITALS

WHEREAS, on May 19, 2017, Plaintiff filed a lawsuit against Defendants in the District Court for the Northern District of Georgia numbered 1:17-cv-1834TWT (the "Action"), asserting claims for alleged violations of the Fair Labor Standards Act ("FLSA");

WHEREAS, Defendant denies all claims and allegations made against them in the Action; and

WHEREAS, the Parties hereby resolve all issues and disputes between and among them, pursuant to the terms of and subject to the limitations set forth in this Agreement;

In consideration of the promises and mutual covenants contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree to the terms of this Agreement, intending to be legally bound as follows:

## TERMS AND CONDITIONS

1. <u>Necessity of Court Approval of Agreement</u>

The Parties shall jointly seek the approval of the United States District Court for the Northern District of Georgia ("District Court") of the terms of settlement described herein and the reservation of jurisdiction to enforce this Agreement. Plaintiff's attorneys shall prepare a joint motion for approval of the settlement (the "Joint Motion") for comment and approval by Defendants' attorneys and shall then file the finalized Joint Motion and any other documents necessary to obtain the required approval from the District Court. This Agreement shall be executed by all Parties prior to its submission to the District Court. However, this Agreement shall not become effective until the date on which the District Court grants the Parties' Joint Motion to approve this Agreement (the "Effective Date"). Should the District Court not approve this Agreement in its entirety for any reason,

*JCMA*

this Agreement shall be deemed null and void, and shall have no effect whatsoever, notwithstanding the Parties' execution of the same – provided, however, that Plaintiff would remain obligated to return to Defendant the payment made pursuant to Section 2 A ii below.

2. <u>Consideration Provided by Defendant.</u>

In consideration of the promises and covenants herein and in full and final settlement of the Action, Defendants agree to the following:

    A. Settlement Payments to Plaintiff.

        i. Upon approval of the Settlement by the Court, Defendants shall make payment to Plaintiff the collective sum of which will total three thousand eight hundred forty-six dollars and forty cents ($3,846.40) Such payment will be made within seven days of approval of the settlement and shall be paid as follows: (1) a check or money order made payable to Laura Ofelia Villa-Garcia for backpay in the amount of one thousand nine hundred and twenty three dollars and twenty cents ($1,923.20) less applicable federal and state taxes, for which Latin Mundo # 2, Inc. will issue an IRS Form W2; (2) a check made payable to Laura Ofelia Villa-Garcia for liquidated damages in the amount of one thousand nine hundred and twenty-three dollars and twenty cents ($1,923.20) without deduction, for which Latin Mundo # 2, Inc. will issue an IRS Form 1099 designating such payment as "box 3" non-wages.

        ii. Upon the execution of the Agreement and in consideration of Plaintiff's release of all claims and allegations against Defendants, as set forth in Section 6 C. below, Defendants shall make payment to Plaintiff of seven hundred fifty dollars and no cents ($750.00). Such payment will be made within two days of execution of the Agreement and shall be paid by a check made payable to Laura Ofelia Villa-Garcia for seven hundred fifty dollars and no cents ($750.00). Should the Court not

*JCMA* (initials)

> approve this Agreement, however, Plaintiff would be obligated to return the seven hundred fifty dollars and no cents ($750.00) to Defendant absent a written agreement signed by both parties allowing Plaintiff to retain the seven hundred fifty dollars and no cents ($750.00).

B. **Attorneys' Fees and Costs.** Defendants shall issue fourteen separate checks made payable to Plaintiff's counsel, Charles R. Bridgers, Attorney, LLC for attorneys' fees and costs, each in the amount of one thousand dollars and no cents ($1,000), for a total of fourteen thousand dollars and no cents ($14,000). The checks for Plaintiff's counsel will be mailed to counsel's office via the United States Postal Service on or before the fifth day of each month for the fourteen (14) months following the Court's approval of the settlement of this matter.

C. **Neutral Reference.** Defendants will provide a neutral reference for Plaintiff provided that inquiries of Defendants seeking a reference for Plaintiff are made to Julio Mendez Arredondo or his designee. Upon inquiry, Defendants will advise that, per company policy, they can only confirm the dates of Plaintiff's employment and will provide those dates.

D. **Release of Claims.** Upon the approval of this Agreement by the Court, Defendants agree to release all claims, charges, causes of action that did or could have occurred during Plaintiff's employment without any additional writing being necessary.

3. **Consideration Provided by Plaintiff to Defendant.**

In consideration of the promises and covenants herein and in full and final settlement of the Action, Plaintiff agrees to the following:

A. **Dismissal with Prejudice.** Upon the approval of this Agreement by the Court and payment of all sums due

*JCMA*

    hereunder, Plaintiff agrees to dismiss the Action with prejudice.

B.    Separation.  Plaintiff agrees that she is no longer employed by Defendants and that no additional sums are owed to her by Defendants for wages, overtime, or any other reason, and Plaintiff waives her right to seek employment with Defendants.

C.    Release of Claims.  In exchange for the consideration outlined in Section 2, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff and her heirs, agents, successors, assigns, and attorneys (and all persons or entities acting by, through, under, or in concert with any of them), hereby release, remise, acquit and forever discharge Latin Mundo #2, Inc., and its parents, subsidiaries, and affiliates including, but not limited to, Mr. Julio C. Mendez Arredondo and any legal entities for which or for whom Plaintiff performed any services by and through his relationship with Latin Mundo #2, Inc., -- individually and collectively--and its and their respective members, managers, officers, directors, employees, heirs, agents, successors, assigns, and attorneys (and all persons or entities acting by, through, under, or in concert with any of them), from any and all claims and allegations, known or unknown, asserted or unasserted, which the Plaintiff has or may have against Defendants as of the date of execution of this Agreement, including, but not limited to, any claims arising out of Plaintiff's employment or separation of employment with the Company, and specifically including, but not limited to, any claims for back pay, reinstatement, front pay, personal injuries, breach of contract (express or implied) or for recovery of any losses or other damages to me or Plaintiff's property based on any alleged violation of: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; 42 U.S.C. § 1981 *et seq.*; the Immigration Reform and Control Act;

*[initialed: JCMA]*

the Georgia Equal Pay Act (Sex Discrimination in Employment), O.C.G.A. § 34-5-1 et seq.; the Georgia Wage Payment and Work Hour Laws; the Georgia Age Discrimination in Employment Act, O.C.G.A. § 34-1-2; the Georgia Equal Employment for Persons with Disabilities Code, O.C.G.A. § 34-6A-1 et seq.; or any other federal, state, county, or local law, rule, regulation or ordinance; or any public policy, contract, tort, or common law claim; or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters. Plaintiff acknowledges and affirms that the waiver of her rights and claims under the ADEA set out in this Agreement is made in exchange for consideration in addition to anything of value to which she is already entitled.

4. <u>Joint Work Product.</u>

Each Party acknowledges that it has participated in the negotiation and preparation of this Agreement, and that no provision of this Agreement shall be construed against or interpreted to the disadvantage of any party by any court or other governmental, administrative, or judicial authority by reason of such party having or being deemed to have structured, dictated, or drafted such provisions.

5. <u>Enforcement of Agreement.</u>

In any action to enforce this Agreement, including, but not limited to, any restrictive covenant, the prevailing party shall be awarded reasonable attorneys' fees and costs.

6. <u>Merger and Modification in Writing Only.</u>

This Agreement contains the entire agreement and understanding between the Parties concerning matters it describes, and supersedes all previous agreements, discussions, negotiations, understandings, and proposals of the Parties. The terms of this Agreement cannot be changed except in a subsequent document signed by the Parties. Neither this Agreement nor any provision of this Agreement may be modified or waived in any way except by an agreement in writing signed by each of the Parties hereto consenting to such modification or waiver.

7. <u>Severability.</u>

The terms, conditions, covenants, restrictions, and other provisions contained in this Agreement are separate, severable, and divisible. If any term, provision, covenant, restriction, or condition of this Agreement or part thereof, or the application thereof to any person, place or circumstance, shall be held to be invalid, unenforceable, or void, the remainder of this Agreement shall remain in full force and effect to the greatest extent practicable and permissible by law, and any such invalid, unenforceable or void term, provision, covenant, restriction, or condition shall be deemed, without further action on the part of the Parties hereto, modified, amended, and limited to the extent necessary to render the same and the remainder of this Agreement valid, enforceable, and lawful.

8. <u>Captions.</u>

Any and all captions in this agreement are included for reference only, and shall not be taken to modify, alter, enhance, or detract from the substantive provisions of this Agreement.

9. <u>Choice of Law and Jurisdiction.</u>

This Agreement is governed by and shall be interpreted under the laws of the State of Georgia without regard to conflict of law principles.

10. <u>Further Assurances.</u>

The Parties agree to execute such other documents as may be reasonably necessary to carry out the intent and purpose of this Agreement.

11. <u>Taxes:</u>

The Releasor agrees to pay federal or state taxes, if any, which are required by law to be paid by the Releasor with respect to this settlement. The Releasor further agrees to indemnify and to hold the Releasees harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any government entity against the Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws, and any costs, expenses or damages sustained by the Releasees by reason of any such claims, including any amounts paid by the Employer as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise, that arise out of tax payments owed by Releasor. Defendant has given

no advice or guidance as to the taxability of payments made pursuant to this Agreement.

    12.    <u>Counterparts.</u>

This Agreement may be executed in one or more counterparts, all of which taken together shall be deemed to constitute a complete original of this Agreement.

    13.    <u>Acknowledgements.</u>

By signing this Agreement, the Parties agree and certify that:

    A. Each is legally viable and competent to enter into this Agreement;

    B. Each has carefully read and fully understands the terms and provisions of this Agreement, including the releases contained herein;

    C. Each has consulted with their or its attorney (as the case may be) before signing this Agreement;

    D. Each agrees to the terms of this Agreement knowingly, voluntarily, without intimidation, coercion or pressure, as his or its (as the case may be) own free act and deed;

    E. Each represents and warrants that they or it (as the case may be) has not sold, assigned, transferred, conveyed, or otherwise disposed of all or any part of the claims released hereunder, whether known or unknown.

IN WITNESS WHEREOF, the undersigned have set their hands and seals.

**LAURA OFELIA VILLA-GARCIA**    **LATIN MUNDO #2, INC.**

_____    _____

Date:    By: Julio C Mendez
    Its: President
    Date: 2/07/2018

**JULIO C. MENDEZ ARREDONDO**
_____

Date:   02/07/2018

no advice or guidance as to the taxability of payments made pursuant to this Agreement.

12. <u>Counterparts.</u>

This Agreement may be executed in one or more counterparts, all of which taken together shall be deemed to constitute a complete original of this Agreement.

13. <u>Acknowledgements.</u>

By signing this Agreement, the Parties agree and certify that:

A. Each is legally viable and competent to enter into this Agreement;

B. Each has carefully read and fully understands the terms and provisions of this Agreement, including the releases contained herein;

C. Each has consulted with their or its attorney (as the case may be) before signing this Agreement;

D. Each agrees to the terms of this Agreement knowingly, voluntarily, without intimidation, coercion or pressure, as his or its (as the case may be) own free act and deed;

E. Each represents and warrants that they or it (as the case may be) has not sold, assigned, transferred, conveyed, or otherwise disposed of all or any part of the claims released hereunder, whether known or unknown.

IN WITNESS WHEREOF, the undersigned have set their hands and seals.

| **LAURA OFELIA VILLA-GARCIA** | **LATIN MUNDO #2, INC.** |
|---|---|
| _____ | _____ |
| Date: | By: |
|  | Its: |
|  | Date: |